# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HUNG VUONG CORPORATION, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Consol. Court No. 19-00055 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| CATFISH FARMERS OF AMERICA, *et al.*, | ) |
| Defendant-Intervenors. | ) |

## DEFENDANT-INTERVENORS' COMMENTS IN SUPPORT OF REMAND RESULTS

Jonathan M. Zielinski
James R. Cannon, Jr.
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street, NW, Suite 400
Washington, DC 20006
T: (202) 787-5507
F: (202) 567-2301
E-mail: jzielinski@cassidylevy.com

July 9, 2021

*Counsel to Catfish Farmers of America, et al.*

TABLE OF CONTENTS

Page

I. COMMERCE'S RELIANCE ON TOTAL AFA IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS BASED ONLY UPON FINDINGS ALREADY AFFIRMED BY THE COURT ................................................................................................................ 2

II. DESPITE NO LONGER RELYING UPON THEM, COMMERCE FULLY ADDRESSED THE TWO ISSUES REMANDED BY THE COURT.................................................... 5

III. CONCLUSION ............................................................................................... 6

# TABLE OF AUTHORITIES

Court Decisions                                                                                         Page(s)

*Hung Vuong Corporation, et al., v. United States*,
    Court No. 19-00055, Slip Op. 20-174
    (Ct. Int'l Trade Dec. 3, 2020) ........................................................... 1, *passim*

*GODACO Seafood Joint Stock Co. v. United States*,
    494 F. Supp. 3d 1294 (Ct. Int'l Trade 2021) ..................................................... 3

*McMicking v. Shields*,
    238 U.S. 99 (1915) ............................................................................................. 5

*Zhejiang Dunan Hetian Metal Co. v. United States*,
    652 F.3d 1333 (Fed. Cir. 2011) ........................................................................ 4

Administrative Determinations

*Certain Frozen Fish Fillets from the Socialist Republic of
Vietnam:  Final Results, and Final Results of No Shipments of the
Antidumping Duty Administrative Review; 2016–2017*
    84 Fed. Reg. 18,007 (Dep't of Commerce Apr. 29, 2019) ............................... 1

*Polyethylene Terephthalate Resin From Taiwan:  Final
    Determination of Sales at Less Than Fair Value, and Final
    Affirmative Determination of Critical Circumstances, in Part*,
    83 Fed. Reg. 48,287 (Dep't of Commerce Sept. 24, 2018) ............................. 3

# GLOSSARY OF CASE-SPECIFIC ACRONYMS AND ABBREVIATIONS

| **AFA** | Adverse Facts Available |
|---|---|
| **CFA** | Catfish Farmers of America, *et al.* |
| **CONNUM** | Control number used to identify unique products defined in terms of a hierarchy of specified physical characteristics |
| **FOP** | Factors of production |
| **HVG** | The Hung Vuong Corporation and its collapsed affiliates (collectively, "HVG") |

## ARGUMENT

Defendant-Intervenors, the Catfish Farmers of America, *et al.* (together, "CFA"), hereby submit these comments in support of the Final Results of Redetermination Pursuant to Court Remand (Apr. 2, 2021) ("*Remand Results*") (ECF No. 75) issued by the U.S. Department of Commerce ("Commerce") in response to this Court's ruling in *Hung Vuong Corporation, et al., v. United States*, Court No. 19-00055, Slip Op. 20-174 (Ct. Int'l Trade Dec. 3, 2020) ("Slip Op. 20-174") (ECF No. 71).[1] These comments are timely filed in accordance with this Court's April 30, 2021 amended scheduling order (ECF No. 79).[2] Commerce complied with the Court's instructions in Slip Op. 20-174, and we support the arguments raised by Defendant the United States in its June 30, 2021 Reply Comments on Remand (ECF No. 84). We do not repeat those arguments but emphasize below that Commerce correctly continued to apply total adverse facts available ("AFA") based only upon its previous findings that were affirmed by this Court.

---

[1] This action arises from Commerce's determination in *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Final Results, and Final Results of No Shipments of the Antidumping Duty Administrative Review; 2016–2017*, 84 Fed. Reg. 18,007 (Dep't of Commerce Apr. 29, 2019), and accompanying unpublished Issues and Decision Memorandum at Comment 1, P.R. 547, Appx___. Citations to documents on the public administrative record of the underlying review are in the form of "P.R.__".

[2] The Court amended the scheduling order on June 24, 2021 (ECF No. 83) but did not change the scheduled date for this submission.

**I.   COMMERCE'S RELIANCE ON TOTAL AFA IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS BASED ONLY UPON FINDINGS ALREADY AFFIRMED BY THE COURT**

This Court sustained, in part, and remanded, in part, certain aspects of the *Final Results*. Slip Op. 20-174 at 42, 51, 56-57, 59-61, 64-65, 70-71, 75-77, 81-87, 90-92. The Court sustained Commerce's complete rejection of The Hung Vuong Corporation and its collapsed affiliates' (collectively, "HVG's") unreliable and unusable databases. *Id*. at 64-65, 70-71. Separately, the Court remanded Commerce's findings that AFA was further warranted because of the customer relationship issue and the factors of production issue, and instructed that Commerce reconsider whether its failure to give HVG notice of its customers' failure to answer Commerce's questionnaires and its reassessment of the byproducts issue would allow for application of "partial AFA." *Id*. at 92.

In its *Remand Results*, Commerce (1) further explained why its reliance on total, rather than partial, AFA continues to be appropriate and necessary; (2) explained why it is no longer relying on its prior findings regarding HVG's byproduct reporting and the failure of HVG's customers to respond to a request for information as bases for AFA; and (3) explained why it is appropriate to apply the total AFA rate of $3.87/kg to HVG. *Remand Results* at 11-19, 24-30.

In short, Commerce no longer bases its total AFA determination on the two issues remanded by the Court, and instead relies only upon the issues the Court affirmed.

2.

Commerce's total AFA determination is supported by substantial evidence and is in accordance with law because HVG's lack of control number- ("CONNUM")-specific reporting and failure to retain necessary documents, alone, render HVG's U.S. sales and FOP data unusable. *Remand Results* at 11 ("These deficiencies substantially undermine both the sales and cost databases relied on for Commerce's margin analysis and render them unusable") and 12-13 (citing this Court's finding "that substantial evidence permitted Commerce to conclude that HVG failed to cooperate such that an adverse inference was appropriate" and the Court's decision in *GODACO Seafood Joint Stock Co. v. United States*, 494 F. Supp. 3d 1294, 1300-1302 (Ct. Int'l Trade 2021) (affirming that '"by not developing a methodology to report CONNUM-specific sales and cost information (which is essential to the accurate calculation of GODACO's dumping margin)," Commerce could not rely on GODACO's U.S. sales and FOP data); *see also, Polyethylene Terephthalate Resin From Taiwan: Final Determination of Sales at Less Than Fair Value, and Final Affirmative Determination of Critical Circumstances, in Part*, 83 Fed. Reg. 48,287 (Dep't of Commerce Sept. 24, 2018), and accompanying Issues and Decision Memorandum at Comment 1 (where, like here, because the respondent had incorrectly reported a CONNUM product characteristic, Commerce determined that "this error renders the entire dumping calculation inaccurate, because the CONNUM is fundamental to Commerce's calculation, as it controls the allocation of costs and

determines the product matches" between net U.S. prices and normal values). Indeed, this Court has explained that Commerce applies "total" AFA "in situations where none of the reported data is reliable or usable. . . . Commerce can ignore all data submitted where the bulk of it is determined to be flawed and unreliable.'" Slip Op. 20-174 at 90 (citing *Zhejiang Dunan Hetian Metal Co. v. United States*, 652 F.3d 1333, 1348 (Fed. Cir. 2011)).

HVG argues that Commerce appears to have "side-stepped" the issues remanded by the Court to "avoid 'thoroughly' explaining the impact these issues had on its decision to apply total AFA." *HVG Remand Comments* at 13-14. However, Commerce did not "side-step" the issues to avoid anything. Rather, after further considering the Court's findings, as instructed, and weighing record evidence and the minor role the two findings at issue had in its overall total AFA determination, Commerce correctly concluded that these findings were not necessary to reach such a determination. *Remand Results* at 11-19, 24-30. Stated differently, Commerce determined that these findings did not affect its decision to apply total AFA based upon HVG's failure to report accurate CONNUM-specific U.S. sales and FOP data when it could have "easily" done so, its failure to maintain verifiable production orders and other records to substantiate its U.S. sales and FOP reporting, and its failure to report verifiable labor FOPs. *Id*. at 15-16, 18-19. Indeed, Commerce is not required to needlessly address evidence that is no longer material to its

4.

determinations as doing so would be at best nonsensical.  *See McMicking v. Shields*, 238 U.S. 99, 103 (1915) ("The law does not require a vain and useless thing . . . .").

Commerce was not required to fill in the gaps of HVG's reporting with partial AFA because the "bulk" of the data was fundamentally flawed and unreliable. Because Commerce's determination that HVG's U.S. sales and FOP data were entirely unusable was sustained by the Court independently of the agency's findings regarding HVG's byproduct data and HVG's customers' failure to provide necessary information, Commerce's determination to rely on total, rather than partial, AFA is reasonable and otherwise supported by substantial evidence.

## II. DESPITE NO LONGER RELYING UPON THEM, COMMERCE FULLY ADDRESSED THE TWO ISSUES REMANDED BY THE COURT

Despite not relying upon them for its total AFA determination, Commerce further addressed the customer reporting and byproduct reporting issues in accordance with the Court's remand order.  *Remand Results* at 14-18.  Specifically, Commerce clarified that it did not apply AFA based upon the failures of HVG's customers to respond to questionnaires.  *Id*. at 15.  Rather, it determined that there were "other failures relating to HVG's interactions with its customers such as the failure to retain emails with its customers and discarded purchase orders, which render the U.S. sales data unusable."  *Id.*  Indeed, Commerce determined that these failures, which were sustained by the Court, make HVG's U.S. sales database unusable, and that this is a separate basis for applying total AFA, independent from

the other Court-approved findings that invalidated that same database. *Id.* at 18-19. Commerce further explained in detail that HVG's water weight gain reporting was mathematically unreasonable, unreconcilable, and unverified. *Id*. at 16-18.

Therefore, although unnecessary after its determination to no longer rely upon them for purposes of its total AFA determination, Commerce fully addressed the issues remanded by the Court.

### III.   CONCLUSION

The Court should affirm Commerce's *Remand Results* because Commerce complied with the Court's instructions and its determinations are supported by substantial evidence and are otherwise in accordance with law.

Respectfully submitted,

Dated:     July 9, 2021              /s/ Jonathan M. Zielinski

Jonathan M. Zielinski
James R. Cannon, Jr.
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, DC 20006
(202) 787-5507
jzielinski@cassidylevy.com

*Counsel to Catfish Farmers of America, et al.*

## Certificate of Compliance with
## this Court's April 30, 2021 Scheduling Order

The undersigned hereby certifies that the foregoing comments in support of Commerce's *Remand Results* contain 1,416 words, exclusive of any corporate disclosure statement, table of contents, table of authorities, certificates of counsel, and counsel's signature, and therefore complies with the maximum 5,000 word count limitation set forth in this Court's April 30, 2021 Scheduling Order (ECF No. 79).

BY:  /s/ Jonathan M. Zielinski
       Jonathan M. Zielinski